IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROHIT SANDHU, | | |
| Petitioner, | | **7:26CV5009** |
| vs. | | |
| | | **ORDER TO SHOW CAUSE** |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security; PAMELA BONDI, Attorney General, Executive Office for Immigration Review; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement (ICE); DAVID EASTERWOOD, Field Office Director, St. Paul ICE; and WARDEN/FACILITY ADMINISTRATOR, MCCOOK ICE IGSA, | | |
| Respondents. | | |

This matter is before the Court on Petitioner Rohit Sandhu's Petition for Writ of Habeas Corpus. (Filing No. 1).

Sandhu is an Indian national who entered the United States in 2022. (Filing No. 1 at 1). Three days after he entered the country, the U.S. Department of Homeland Security ("DHS") served him with a Notice to Appear charging him "as an alien present in the United States without being admitted or paroled[.]" (Filing No. 1 at 1); *see* 8 U.S.C. § 1182(a)(6)(A)(i). Sandhu was released on his own recognizance the same day. (Filing No. 1 at 1). He later filed an application for asylum and secured a work authorization in the United States. (Filing No. 1 at 2).

In February 2026, Sandhu failed to stop at a weigh station in Iowa while driving his commercial vehicle. (Filing No. 1 at 2). After he received a ticket from the Iowa Department of Transportation, U.S. Immigration and Customs Enforcement (ICE) detained him. (Filing No. 1 at

2). ICE transferred him to the "McCook ICE Detention IGSA" in McCook, Nebraska. (Filing No. 1 at 2).

An immigration judge denied Sandhu's request for release on bond during the pendency of removal proceedings. The immigration judge reasoned that she lacked jurisdiction to issue a bond under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and found in the alternative that Sandhu "is a danger to the community" and "poses a significant flight risk." (Filing No. 1-3 at 1).

In response, Sandhu filed this petition for a writ of habeas corpus. He alleges his detention is unlawful on several constitutional grounds and seeks "immediate release on his prior release conditions." (Filing No. 1 at 15). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Sandhu] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Sandhu]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Sandhu's] detention." *Id.*

Though, as Sandhu acknowledges, the Eighth Circuit has now held that petitioners like him have no statutory right to a bond hearing, *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026), he says the Eighth Circuit did not address the constitutional claims raised in his petition. *Cf. id.* at *8 n.8 (Erickson, J., dissenting). Thus, the Court will hear from the Respondents before determining whether Sandhu is entitled to any relief. Accordingly, the Court orders Sandhu to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Sandhu replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Sandhu may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Rohit Sandhu shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 2nd day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3